# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC, | CIVIL ACTION NO. 2:14-cv-198 |
| Plaintiff, | **(Consolidated Lead Case)** |
| v. | **JURY TRIAL DEMANDED** |
| STEELSERIES APS, ET AL., | |
| Defendants. | |

## BETTER MOUSE COMPANY'S SUR-REPLY OPPOSING THE MOTION TO STAY PENDING *INTER PARTES* REVIEW

I.  **MOVANTS' "CATCH-22" DEFIES LOGIC**

Movants could have waited for the PTAB to act on the petition before filing their motion. As Judge Bryson noted in *Freeny v. Apple Inc.*, No. 2:13-cv-361, Dkt. 109, at 1 (E.D. Tex. July 22, 2014), failing to wait should be the "dispositive" factor in denying a stay. As a practical matter, waiting makes common sense because it avoids the need to speculate on whether the petition will be granted and the need to lift the stay if the petition is denied. That is why the case law in this district has so strongly favored denying motions filed before the PTAB has decided whether to begin review proceedings.

Movants' only excuse for not waiting is the belief that "waiting to seek relief until after the PTAB's ruling would be untimely" (their purported "Catch-22"). But this belief defies logic. The motion could have been filed shortly after any PTAB decision to begin the review process without being untimely (though it would still lack merit). And the fact that discovery will be further underway at that point just emphasizes that a stay is less warranted in this Court as compared to slower venues. In moving now, movants only unnecessarily burden the Court.

II. **MOVANTS OVERSTATE THE IPR'S LIKELIHOOD OF INVALIDATING THE PATENT**

Movants claim that "there is a 53% chance that the IPR will completely resolve this litigation in about two-and-a-half years." Reply at 5. They derive this figure by multiplying (A) the purported overall ratio of final IPR decisions cancelling all claims to all final IPR decisions (76%) by (B) a 70% institution rate of review. *See id.* at 2, 4–5.

But this analysis is riddled with errors. For the IPR to kill the patent in two-and-a-half years, review must (a) be granted as to all claims, (b) result in cancellation of all claims after review, and (c) be upheld on appeal as to all claims. But Movants' analysis

1

does not account at all for appellate results.[1]  Nor, more importantly, does it account for the fact that review is rarely granted on all challenged claims.  The cited reference to a 70% institution rate includes reviews granted as to less than all claims.  But the rate for grants on all challenged claims is, based on recent numbers, only roughly 44%.  *See* opp. at 2 (showing a 26% partial institution rate).  And finally, movants' 76% figure is inflated by examining the overall cancellation rate over the past two years, not more recent cancellation rates.  As shown by the PTAB's recent trend toward declining institution rates, including early results can be misleading.  *See* Dkt. 72 Ex. 1 [Goodwin Proctor Sept. 2014 PTAB Report] at 4 (referencing "the low quality of the patents challenged early on").

### III. MOVANTS CANNOT IGNORE THE PREJUDICIAL EVIDENCE LOSS THREATENED BY A STAY

Movants claim that evidence loss is "speculative" and so should not be considered prejudicial, even as to discontinued products.  In so doing, they rely solely on the Northern District of California decision *Evolutionary Intelligence, LLC v. Apple, Inc.*  No. 13-cv-04201, 2014 WL 93954, at *3 (N.D. Cal. Jan. 9, 2014).

But *Evolutionary Intelligence* was poorly reasoned.  That decision found "unpersuasive" "a vague generalized 'loss of evidence' argument" that lacked "specific evidence based on sworn testimony that spoliation has in fact occurred."  *See id.*  But in doing so, that court erroneously applied the strict standards for proving spoliation to cover circumstances of unintentional evidence loss, even though spoliation is defined as "[t]he intentional destruction, mutilation, alteration, or concealment of evidence." BLACK'S LAW DICTIONARY (9th ed. 2009) (emphasis added).  Also, providing sworn

---

[1] Recent data on outcomes of appeals suggest the Federal Circuit reverses the PTO at a rate of 26–33%, depending on how the affirmances-in-part rate is parsed.  *See* Ex. 1 [Gibson Dunn Fed. Cir. Yr. in Rev. 2012–13] at 18 (showing rate of appellate outcomes).

testimony that future events (evidence loss during a stay) "have occurred" (past tense) is impossible.

In any event, this Court has consistently taken a different view on this issue, deciding that evidence loss from a stay is not speculative—especially as to discontinued products.  *See* opp. at 5–6 (citing *Ambato Media, LLC v. Clarion Co., Ltd.*, No. 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *id.* at 7 (citing *Volstar Techs., Inc. v. Superior Commc'ns, Inc.*, No: 2:12-cv-82, Dkt. 39, at 5 (E.D. Tex. Aug. 22, 2013)).

Movants urge this Court to ignore its decisions in *Ambato Media* and *Volstar Techs.* on this point because "they were decided under the previous, much slower, *ex parte* and *inter partes* reexamination statutory framework."  Reply at 3.  But as movants recognize in their own citations to authorities deciding re-examination stays, *see* reply at 2–3 (citing *DataTreasury Corp.* and *Spa Syspatronic*), a change in Patent Office procedures does not undercut the applicability of the reasoning in these older decisions.

And here the threat of evidence loss is present just the same.  Two-and-a-half years is enough time for witnesses to change employers and third party files to be lost, especially considering the presence of discontinued products in this case.  Given how the extraterritorial residency of likely witnesses severely impedes compelling third party discovery (a fact the Reply has no answer for), the threat of prejudice is quite real.

IV.     **MOVANTS WOULD REQUIRE A STAY WHENEVER AN IPR IS FILED**

Movants argue that they "have presented specific facts about the circumstances of this case that warrant a stay."  Reply at 1.  These "specific facts" are (1) they filed the IPR petition and stay motion "promptly," (2) BMC is a non-practicing entity, and (3) "at least some claims will likely be cancelled by the IPR."  *Id.*

3

But this argument could be raised in any case where an IPR petition and stay motion were promptly (and prematurely) filed against a non-practicing entity. These "facts" are not specific to the merits of the patent. Granting the motion would be akin to automatically granting a stay whenever a petition was filed against a non-practicing entity.

Perhaps movants' case would be stronger had the patent been challenged under the America Invents Act not via a petition for *inter partes* review, but as a Covered Business Method (CBM). Unlike IPR challenges, CBM validity challenges are not limited to only anticipation or obviousness, 35 U.S.C. § 311(b), but can also reach lack of other grounds for patentability (e.g., non-enablement, indefiniteness), 37 C.F.R. § 41.304(b)(2). And Congress provided for immediate interlocutory *de novo* appeals of district court stay decisions. *See* Leahy-Smith America Invents Act § 18(b). Thus, for CBMs, Congress chose to facilitate emphasis of the PTAB's comprehensive review of validity over a district court's review.[2]

But Congress made no such choice for IPRs. It did not wish to automatically displace the district court's assessment of the patent with that of the PTAB. And movants have provided no specific reasons why that substitution should occur here.

## V.    CONCLUSION

For the above reasons, the motion to stay should be denied

---

[2] This is why *VirtualAgility Inc. v. Salesforce.com, Inc.* is inopposite; that decision concerned a patent challenged as a CBM. 759 F.3d 1307 (Fed. Cir. 2014).

4

Dated: October 31, 2014                     Respectfully submitted,

                                                                                  */s/ Kris Y. Teng*
Larry D. Thompson, Jr. (lead attorney)
Texas Bar No. 24051428
larry@ahtlawfirm.com
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Kris Y. Teng
Texas Bar No. 24079443
kris@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3000
(713) 581-3020 fax

Stafford Davis
State Bar No. 24054605
THE STAFFORD DAVIS FIRM, PC
305 S. Broadway, Suite 406
Tyler, Texas 75702
(903) 593-7000
sdavis@stafforddavisfirm.com

*Attorneys for Plaintiff*
*Better Mouse Company, LLC*

## CERTIFICATE OF SERVICE

    I hereby certify that on the 31st day of October 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                                                                  */s/ Kris Y. Teng*
                                                                                  Kris Y. Teng