**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC, | CIVIL ACTION NO. 2:14-cv-198 |
| Plaintiff, | **(Consolidated Lead Case)** |
| v. | **JURY TRIAL DEMANDED** |
| STEELSERIES APS, ET AL., | |
| Defendants. | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.    **Initial Disclosures.**    In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)    the correct names of the parties to the lawsuit;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)      any settlement agreements relevant to the subject matter of this action; and

(g)      any statement of any party to the litigation.

2.      **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)      if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)      for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.      **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a)      provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

**P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.**   The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with: interrogatories, requests for admissions, the depositions of the parties, depositions on written questions of custodians of business records for third parties, nonparty depositions, and document subpoenas to third parties, subject to the limitations set forth in this paragraph:

(a) **Interrogatories.** Plaintiff may serve up to 25 common interrogatories stated identically on Defendants, and Plaintiff further may serve up to 10 additional interrogatories on each Related Defendant Group.[2] Defendants may collectively serve up to 25 common interrogatories stated identically on Plaintiff, and each Related Defendant Group further may serve up to 10 additional interrogatories on Plaintiff.

(b) **Requests for Admission.** Plaintiff may serve up to 10 common requests for admission stated identically on Defendants and each serve up to 30 individual requests for admission on each Related Defendant Group individually, and Defendants may serve up to 10 common requests for admission stated identically on Plaintiff and each Related Defendant Group may serve up to 30 individual requests for admission on Plaintiff.  There is no limit on the number of requests for admission that the parties may serve to establish the authenticity of documents.  Requests for admission directed to document authentication shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

(c) **Fact Depositions.** Plaintiff may take up to a total 40 hours of depositions (including 30(b)(6) depositions) of each Related Defendant Group and its current employees (with former employees not counting toward this limit).  Defendants,

---

[2] "Related Defendant Group" shall refer to a collection of Defendant business entities that are related to each other.  Currently, the Related Defendant Groups are: (1) SteelSeries ApS and SteelSeries North America Corp.; (2) ASUS Computer Int'l and ASUSTek Computer Inc.; (3) CMI USA, Inc. d/b/a Cooler Master USA, Inc. and Cooler Master Co., Ltd.; (4) Corsair Components, Inc. and Corsair Memory, Inc.; (5) Mad Catz Interactive, Inc. and Mad Catz, Inc.; and (6) Thermaltake Technology Co., Ltd. and Thermaltake, Inc.

jointly, may take no more than a maximum of 60 hours of depositions (including 30(b)(6) depositions) of Plaintiff and its current employees (with former employees not counting toward this limit).  In addition, each side may take up to 100 hours of third-party depositions. For the avoidance of doubt, the named inventor of the patent-in-suit shall be deemed a third-party, unless he is an employee of any party at the time of the deposition.  Any deposition in which live translation is used shall be limited to fourteen (14) hours, only seven (7) hours of which will count against the party's total deposition time in this action.

(d)     **Depositions of Experts.** Plaintiff and each Related Defendant Group may each designate up to three testifying expert witnesses. Depositions of experts shall be limited to one day of 7 hours per report provided, but if the expert witness issues a report addressing infringement or damages issues regarding multiple Related Defendant Groups in this action, for that report, the expert witness may be deposed for an additional two hours for each additional Related Defendant Group. The parties shall endeavor in good faith to resolve any reasonable requests for additional time with expert witnesses.

(e)     **Third Party Discovery.**  The parties may serve as many document subpoenas on third parties and as many subpoenas for depositions on written questions of custodians of business records of third parties as needed.

Any party may later move to modify these limitations for good cause.

6.     **Privileged Information.**    There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket

Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.   **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.   **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.   **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)    In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c)    Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges

the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings**.  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery:**

(a)    **Authenticity Of Party's Own Documents.** If a document is produced directly from a party's files and is authored by that party, it will be presumptively deemed to be an authentic, genuine, true, and correct copy of the original document. All other objections are reserved.

(b)    **Privilege Logs.** Documents or information that were created or conveyed on or after the filing date of the original complaints in this matter that are protected by attorney-client privilege, work product doctrine, protection for trial preparation materials, common interest or joint defense privileges, or any other applicable privilege or protection, shall not be included in the privilege log, except to the extent otherwise agreed by the parties or ordered by the Court.

(c)    **Limitations on Expert Discovery.** The following communications and materials relating to expert witnesses and consultants retained by the Parties in this litigation shall not be the subject of discovery or inquiry at trial: (a) drafts of any expert disclosures or analysis (including reports, declarations, affidavits, or any other form of testimony); (b) communications, whether written or oral, between or among any expert, consultant and/or counsel for the party retaining said expert; (c) notes or preparatory materials taken by or on behalf of any expert; (d) emails,

- 8 -

lists, agendas, outlines, memoranda, presentations, and letters, whether in draft or any other form, that are provided to, or by or on behalf of, any expert; and, (e) any other types of preliminary work product created by or on behalf of any expert. The foregoing exemptions shall not apply to any communications or materials, including those listed above, on which any expert, in any disclosure, expressly relies as a basis for an opinion. Such communications or materials shall be subject to discovery and inquiry at trial. Communications and materials exempt from discovery under this provision shall be treated as attorney work product, and need not be listed on any privilege log.

(d)     **Service by Electronic Mail.** The Parties will make every effort to serve all documents electronically, by e-mail or through ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case, or to an email address designated for service by a party's outside counsel. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served. For the avoidance of doubt, Local Rule CV-6(a) (adding three days for purposes of computing time to act within a specified time after service) applies to documents served by e-mail.

(e)     **ESI/Focusing Orders.** The parties are conferring regarding electronic discovery, and will provide the Court with a proposed Order Regarding E-Discovery no later than December 5, 2014.  The parties are conferring regarding the District's Model Order Focusing Patent Claims and Prior Art, and will provide the Court with a

proposed Order in this respect (or their reasons why such an order should not be entered) no later than December 5, 2014.

(f)    **Third Party Discovery.** A party who serves a subpoena in this matter on a third party shall immediately provide a copy to the other party. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to the other party within three (3) business days. Where reproduction of documents within three business days is not possible, the party who received the documents will provide prompt notice to the other party and will work in good faith to resolve the issue on a case-by-case basis.

**So ORDERED and SIGNED this 18th day of November, 2014.**


_____
RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE