UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>CORSAIR COMPONENTS, INC.,;and<br>CORSAIR MEMORY, INC.<br><br>Defendants. | **Lead Case No. 2:14-cv-00198-JRG**<br><br>**Civil Action No. 2:14-cv-00283 JRG**<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO THE FIRST AMENDED COMPLAINT**<br><br>**Before U.S. District Court Judge Rodney Gilstrap**<br><br>**JURY TRIAL DEMANDED** |

Defendants Corsair Memory, Inc. and Corsair Components, Inc. ("Corsair"), through counsel, respectfully submit this Answer, Affirmative Defenses and Counterclaims to Plaintiff Better Mouse Company's ("Better Mouse") First Amended Complaint for Patent Infringement and Demand for Jury Trial ("Complaint"). To the extent not specifically admitted herein, all allegations of the Complaint are denied.

## ANSWER TO THE FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

### PARTIES

1.     Defendants lack sufficient knowledge and information on which to form an admission or a denial regarding the factual allegations contained in Paragraph 1, and therefore denies them on that basis.

2.     Corsair Components, Inc. admits that it is a Delaware corporation that can be served with process by serving its registered agent in Delaware: Incorporating Services, Ltd., 3500 S. Dupont Hwy, Dover, DE 19901.

3.      Corsair Memory, Inc. admits that it is a Delaware corporation that can be served with process by serving its registered agent in Delaware: Incorporating Services, Ltd., 3500 S. Dupont Hwy, Dover, DE 19901.

4.      Corsair admits that Corsair Memory, Inc. is a subsidiary of Corsair Components, Inc.

## JURISDICTION AND VENUE

5.      Defendants admit that Plaintiff asserts this civil action for alleged patent infringement under the laws of the United States and that, as such, the Court has subject matter jurisdiction over this dispute under 36 U.S.C. §§ 1331 and 1338(a).

6.      Paragraph 6 stated legal conclusions to which no response is required.  If a response were deemed to be required, Defendants admit that venue is proper in this district.

7.      Paragraph 7 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants admit the Court has personal jurisdiction over them but deny the remaining allegations of this paragraph.

## KNOWLEDGE AND WILLFUL INFRINGEMENT

8.      Defendants admit that based on its face, the Complaint is related to the infringement of U.S. Patent No. 7,532,200 ("the '200 patent").  To the extent, paragraph 8 states any legal conclusions, no response is required.  Defendants deny all the allegations of paragraph 8.

9.      Paragraph 9 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny all the allegations of paragraph 9.

10.     Paragraph 10 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 10.

11.      Paragraph 11 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 11.

12.     Paragraph 12 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 12.

13.     Paragraph 13 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 13.

14.     Defendants deny the allegations of paragraph 14.  Paragraph 14 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 14.

15.     Paragraph 15 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 15.

16.     Paragraph 16 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 16.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,532,200
### ("the '200 Patent")

17.     Defendants are without knowledge or information sufficient to form a belief as to the allegation of paragraph 17, and therefore deny those allegations.

18.     Defendants are without knowledge or information sufficient to form a belief as to the allegation of paragraph 18, and therefore deny those allegations.

19.     Paragraph 19 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants admit that Defendants sell computer mice and other devices including Raptor M30 Gaming Mouse in the United States.  Defendants deny the remaining allegations of paragraph 19.

20.     Paragraph 20 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 20.  Corsair is without sufficient information or belief to admit or deny the allegations of this paragraph and, on that basis, denies them.

21.      Paragraph 21 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 21.

22.      Paragraph 22 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 22.  Corsair denies the allegations of this paragraph.

23.      Paragraph 23 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 23.

24.      Paragraph 24 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 24.

25.      Paragraph 25 states legal conclusions including interpretations with regard to claim construction to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 25.

26.      Paragraph 26 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 26.

27.      Paragraph 27 states legal conclusions including interpretations with regard to claim construction to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 27.

28.      Paragraph 28 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 28.

29.      Paragraph 29 states legal conclusions to which no response is required.  If a response were deemed to be required, Defendants deny the allegations of paragraph 29.

## RESPONSE TO PRAYER FOR RELIEF

Defendants deny all remaining allegations not specifically admitted herein and deny that Better Mouse is entitled to any of the relief it has requested or to any other relief at all.

## AFFIRMATIVE DEFENSES

30.     Without assuming any burden other than that imposed by operation of law or admitting that it bears the burden of proof with respect to any of the following, Defendants asserts the following defenses and alleges as follows:

### First Defense (Noninfringement)

31.     Defendants does not infringe, either directly, contributorily, or by inducement, any valid and enforceable claim of the '200 Patent.  Defendants is not liable in any respect for any alleged infringement of the '200 Patent by anyone else.

### Second Defense (Invalidity)

32.     One or more claims of the '200 Patent are invalid for failure to comply with the conditions and requirements of patentability set forth in United States Patent Laws, Title 35 U.S.C., including specifically and without limitation §§ 101, 102, 103, 112, 116, 121, including each subsection of the foregoing, and the rules, regulations, and laws pertaining thereto, and/or the judicially created doctrine of obviousness-type double patenting.

### Third Defense (Limited Damages)

33.     Defendants have not engaged in any conduct that would make this an exceptional case or that would entitle Better Mouse an award of reasonable attorney fees pursuant to 35 U.S.C. § 285.  Defendants have not engaged in any conduct which would entitle Better Mouse to an award of enhanced damages.  Damages to Better Mouse, if any, are limited by 35 U.S.C. §§ 286 and 287.

### Fourth Defense (Failure to state a claim)

34.     The Complaint, in whole or in part, fails to state  a claim for which relief can be granted.

### Fifth Defense (Extraterritoriality)

35.     Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

**Sixth Defense (Equitable Defenses)**

36.     Plaintiff's claims are barred or limited in whole or in part under principles of equity, including laches, waiver, estoppel, and/or unclean hands.

**Seventh Defense (License, Release, Exhaustion And First Sale)**

37.     Plaintiff's has assigned a license and release of the '200 Patent to other entities, and the language used in such licenses and releases gives rise to an express or implied license and/or release for the benefit of Corsair.  In particular, Plaintiff has assigned a license to Dexin Electronics Co., Ltd. ("Dexin").  Dexin is a supplier to Corsair for the accused products.  All products supplied by Dexin to Corsair are licensed and release all counts of Plaintiff's claims for the benefit of Corsair.  Plaintiff's claims are therefore barred in whole or part under the doctrine of patent exhaustion and first sale.

**Reservation of all Affirmative Defenses**

Defendants reserves the right to offer any other and additional defense that is now or may become available or appear during, or as a result of, discovery proceedings in this action.

**COUNTERCLAIMS**

38.     Corsair asserts the following counterclaims against Better Mouse and allege as follows:

39.     Corsair assert a declaratory judgment counterclaim for a declaration of noninfringement and invalidity of all the claims of U.S. Patent No. 7,532,200 ("the '200 Patent") under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

**Parties**

40.     Corsair Components, Inc. is a Delaware Corporation with its principal place of business at 46221 Landing Parkway, Freemont, CA 94538.

41.     Corsair Memory, Inc. is a Delaware Corporation with its principal place of business at 46221 Landing Parkway, Freemont, CA 94538.

42.     Better Mouse Company is a limited liability company formed under the laws of the State of Texas, with a principal place of business in Tyler, Texas.

### Jurisdiction and Venue

43.     These counterclaims arise under the Federal Declaratory Judgment Act and the Patent Laws of the United States, more particularly under 28 U.S.C. §§ 2201 and 2202, and the 35 U.S.C. § 100 *et seq.*, respectively.  This court has jurisdiction under 28 U.S.C. §§ 1338 and 2201.

44.     There is actual controversy between Corsair and Better Mouse regarding the validity, infringement and license of the Patent-In-Suit as evidenced by, for example, Better Mouse's assertion in the Complaint that Corsair infringes the Patent-In-Suit and Corsair's  denial of those assertions.

45.     Venue in this judicial district for Corsair's counterclaims is proper because Better Mouse has consented to this venue by asserting and filing claims of patent infringement against Corsair.

### Count One (Declaratory Judgment of Noninfringement of the '200 Patent)

46.     Corsair repeats and incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

47.     Better Mouse has accused Corsair of infringing the '200 Patent.

48.     Better Mouse has created an actual and justiciable controversy between itself and Corsair regarding whether Corsair has infringed any valid and enforceable claim of the '200 Patent.

49.     Corsair has not infringed, actively induced others to infringe, or contributed to the infringement of any claim of the '200 Patent, either literally or under the doctrine of equivalents.

50.     A judicial declaration of noninfringement of the '200 Patent is necessary and appropriate to resolve this controversy.

## Count Two (Declaratory Judgment of Invalidity of the '200 Patent)

51.     Corsair repeats and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52.     One or more claims of the '200 Patent are invalid for failing to comply with the conditions and requirements of patentability as set forth in the United States Patent Laws, Title 35 U.S.C., including specifically and without limitation §§ 101, 102, 103, 112, 116, 121, including each subsection of the foregoing, and the rules, regulations, and laws pertaining thereto, and/or the judicially created doctrine of obviousness-type double patenting.

53.     A judicial declaration of invalidity of the '200 Patent is necessary and appropriate to resolve this controversy.

## Count Three (Declaratory Relief for the '200 Patent)

54.     Corsair repeats and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55.     Better Mouse has invoked federal patent law to control the post-sale use of Corsair's licensed products.  Better Mouse continues to wrongfully assert patent claims that are subject to a license and therefore exhausted.  Better Mouse's claims are barred by the doctrines of patent exhaustion and first sale and render moot many, if not all, existing claims and defenses in this action.  Corsair is authorized under the license to offer and otherwise make available products that allegedly may embody the '200 Patent.  To the extent that any Corsair products do embody the '200 Patent, Corsair is permitted to use the products free from suit by Better Mouse under the doctrines of patent exhaustion and first sale.

56.     A judicial declaration that Corsair Products are licensed for the '200 Patent and Better Mouse's claims are barred by the doctrines of patent exhaustion and first sale is therefore necessary and appropriate to resolve this controversy.

## DEMAND FOR JURY TRIAL

Corsair requests a trial by jury for all issues that may be properly tried by a jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Corsair respectfully requests the following relief against Better Mouse:

(i)     a judgment dismissing Better Mouse's Complaint with prejudice;

(ii)    a declaration that one or more claims of the '200 Patent are invalid;

(iii)   a declaration that the claims of the '200 Patent are not infringed by Corsair.

(iv)    a declaration that the Corsair Products are licensed and any claims are barred under the doctrines of patent exhaustion and first sale for the '200 Patent.

(v)     a declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Corsair its attorney fees and full costs of suit; and

(vi)    AWARDING Defendants all other and further relief as this Court deems just and proper.


March 31, 2015                      /s/ Carina M. Tan
                                    Carina M. Tan (CA Bar 185015)
                                    SHEPPARD MULLIN RICHTER & HAMPTON LLP
                                    379 Lytton Ave
                                    Palo Alto, CA 94301
                                    Telephone:  (650) 815-2600
                                    Facsimile: (650) 815-2601
                                    ctan@sheppardmullin.com
                                    evanderson@sheppardmullin.com
                                    dbrahmbhatt@sheppardmullin.com

                                    Kevin J. Terrazas
                                    Texas Bar No. 24060708
                                    WEISBART SPRINGER HAYES, LLP
                                    212 Lavaca, Suite 200
                                    Austin, Texas 78701
                                    (512) 652-5780
                                    (512) 682-2074 (Fax)
                                    kterrazas@wshllp.com

                                    Attorneys for Defendants
                                    CORSAIR COMPONENTS, INC.
                                    CORSAIR MEMORY, INC.

CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile, and/or first class mail on this date.


/s/ Carina M. Tan _____