IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| BETTER MOUSE COMPANY, LLC, ) | |
| ) | CIVIL ACTION NO. 2:14-cv-198 |
| Plaintiff, ) | (**Consolidated Lead Case**) |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| STEELSERIES APS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**STEELSERIES APS' MOTION FOR PROTECTIVE ORDER REGARDING DEPOSITION NOTICE**

Defendant SteelSeries ApS files this Motion for Protective Order Regarding Deposition Notice and in support thereof would show the Court the following:

**SUMMARY**

Plaintiff Better Mouse served a notice of deposition pursuant to Fed.R.Civ.P. 30(b)(6) that purports to require defendant SteelSeries ApS, a relatively small Danish corporation, to produce a witness for deposition in Chicago. This is improper for several reasons. First, the witness who will be providing the requested testimony for SteelSeries ApS is located in Demark. It would be unfair to force the witness to suffer the disruption of a lengthy trip simply for the convenience of Better Mouse. Second, there is a presumption that a deposition of a corporation takes place at its principal place of business. That presumption is even stronger in the case of foreign corporations like SteelSeries ApS, who has been involuntarily brought before a U.S. court. SteelSeries ApS previously offered voluntarily to make its 30(b)(6) witness available for deposition in Copenhagen in May, but Better Mouse inexplicably refused to schedule the deposition or take any steps to take the deposition there. Instead, it has raised a specious argument that SteelSeries ApS' principal place of business is actually in an unspecified location

in the United States, which it claims allows it to schedule the deposition in Chicago. As detailed below, Better Mouse's position is baseless and contrary to its own pleadings.

Finally, only one independent claim of a single patent has been asserted against SteelSeries ApS in this case. SteelSeries ApS is a relatively small company with approximately 100 employees worldwide. SteelSeries ApS does not manufacture or even have complete insight into the materials and processes employed in the manufacture of the mice–that information is generally with contract manufacturers in the far east over which SteelSeries ApS has no control. If Better Mouse nonetheless wishes to proceed with the deposition, there is no justification for departing from the well-established presumption that the deposition take place where the corporate defendant and the witness is located, and the Motion should be granted.

### ARGUMENT

Better Mouse filed its complaint against SteelSeries ApS and SteelSeries North America Corp. for infringement of U.S. Patent No. 7,532,200 (*"the '200 Patent"*) on March 7, 2014. The '200 Patent is directed to a computer mouse that allows a user to change the resolution of the mouse by manually adjusting a physical switch or switches located on the mouse itself, without using any software driver or tool running on the host computer.

On April 13, 2015, SteelSeries ApS offered to make its 30(b)(6) witness available for deposition in Copenhagen, Denmark on May 18th. Smith Dec. Ex. 1. Better Mouse took no steps to schedule that deposition. Instead, on May 7, 2015, Better Mouse unilaterally served a notice of deposition of SteelSeries ApS which purported to require that a witness be produced in Chicago, Illinois on May 27, 2015. Smith Dec. Ex. 2.[1]

---

[1] The notice also required SteelSeries ApS' U.S. based support organization, SteelSeries North America Corp., to produce a witness at the same time. Steelseries ApS has informed Better Mouse that SteelSeries North America has little to no involvement with the accused products, and that it does not record any sales of the accused products. Hawver Dep. 115:2-19. SteelSeries ApS will thus be providing a different witness who lives and works in Copenhagen, which reinforces that the point that a protective order should be granted.

"It is well settled that '(t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant.'" *Salter v. Upjohn*, 593 F.2d 649, 651 (5th Cir. 1979)(citations omitted); *see also Furminator, Inc. v. Munchkin, Inc.*, 2009 WL 1176285, *1 (E.D. Mo. 2009) (granting accused infringer's motion for a protective order to limit the depositions of its corporate officers and representatives, including its 30(b)(6) designees, to occur in Los Angeles, where the corporate officers were located, instead of St Louis as urged by the patentee); *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992); *Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D. Kan. 1991).

This presumption is even stronger where the defendant is in incorporated in a foreign country. *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471-72 (E.D. Va. 2010) ("[I]insofar as a foreign defendant may be more inconvenienced by having to travel to the United States than a defendant who merely resides in another state or in another judicial district, the presumption that the deposition should occur at a foreign defendant's place of residence may be even stronger."). The presumption is based on the concept that it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum. *See Tailift USA, Inc. v. Tailift Co., Ltd.*, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004).

This presumption satisfies the requirement of "good cause" for a protective order under Rule 26(c) of the Federal Rules of Civil Procedure. *See, e.g., Chris-Craft Indus. Prods., Inc. v. Kuraray Co.*, 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("the purposes underlying the general rule that the depositions should proceed at the corporation's principal place of business create a presumption that the corporation has good cause for a protective order.") It is the burden of the party noticing the deposition to overcome this presumption. *Salter*, 593 F.2d at 652; *see also McDougal-Wilson v. Goodyear Tire and Rubber Co.*, 232 F.R.D. 246, 249 (E.D.N.C.

2005)(party seeking to take the deposition has the burden "to overcome the presumption that the deposition of a corporation should take place at the corporation's principal place of business.") (citing 7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE, § 30.20[1][b][ii] (3d ed. 2005)).

Better Mouse cannot come close to satisfying its burden. The only argument articulated by Better Mouse is a convoluted argument that "Steelseries ApS has its principal place of business in the United States, so it should also appear for deposition in Chicago," citing to *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010), a case adopting the "nerve center" test for purposes of diversity jurisdiction over a domestic corporation. Smith Dec. Ex. 3. Better Mouse has pointed to no case that has ever found that a corporation organized under the law of a foreign country can be deemed to involuntarily have its principal place of business in the Untied States.

In assessing where a corporation's "principal place of business" is located for determining the proper location for a 30(b)(6) deposition of a domestic corporation, it is true that at least one court has looked to the interpretation of the same language in 28 U.S.C. § 1332 involving diversity jurisdiction. *See Starlight Int'l, Inc. v. Herlihy*, 186 F.R.D. 626, 643-645 (D. Kan. 1999).

However, it is an undisputed fact in this case that SteelSeries ApS is an Anpartsselskab (private limited company) organized under the laws of Denmark, with its principal place of business at Skovbogards Alle 13, 2500 Vlaby, Denmark. Answer ¶2 [Dkt. No. 41]. All sales of the accused products are booked by the Danish company. Hawver Dep. 31:23-32:5 Smith Dec. Ex. 4. SteelSeries' Chief Technology Officer (the witness) and Chief Financial Officer works and resides in Denmark. Smith Dec. Id. at 129:11-17; 19:17-21; 42:20-21; 154:5-23.

Better Mouse asserts that because SteelSeries' CEO and a handful of other employees reside in the United States, that its "nerve center" must be here. Research has revealed no court

- 4 -

that has ever found that a foreign corporation could be deemed to have its principal place of business in the United States, or a particular state, without its knowledge or consent. The case identified by Better Mouse, *Hertz Corp.,* dealt with a domestic corporation, and did not arise in the context of a 30(b)(6) deposition. Such a ruling would also significantly alter the jurisdiction of the federal courts since, for example, foreign corporations that were previously subject to alienage jurisdiction could be deemed domestic corporations, and would no longer be subject to suits based on diversity jurisdiction in federal courts where a few employees reside in the state of one of the opposing parties.

Further, while the Court has some discretion to set the location of the deposition, that discretion should be exercised in the context of the strong presumption that the deposition take place in Denmark, both because the witness resides there and because SteelSeries ApS is a Danish corporation that was involuntarily dragged into litigation in the United States. *See, e.g., Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987) (requiring deposition of Dutch defendant to take place in Netherlands).

The deponent, SteelSeries ApS' Chief Technology Officer, also lives and works in Denmark. There is a strong preference for conducting the deposition where the witness is located. *See, e.g. Gulf Union Ins. Co. v. M/V Lacerta*, 1992 WL 51532, at * 5 (S.D.N.Y. March 9, 1992)(also noting that "the plaintiff is generally required to 'bear any reasonable burdens of inconvenience that the action presents.'")(*quoting Federal Deposit Insurance Co. v. La Antillana, S.A.,* 1990 WL 155727, at * 1–2 (S.D.N.Y. Oct. 5, 1990).) Here, Better Mouse elected to sue a relatively small Danish company, requiring it to litigate thousands of miles from where the knowledgeable individuals are located. Basic fairness dictates that the deposition take place in Denmark.

Finally, although the parties had previously conferred in person about SteelSeries ApS need to have the deposition conducted in Denmark, Better Mouse served its notice of deposition on SteelSeries ApS without conferring about the date. This Court has previously found such tactics improper. *See TQP Development v. Wells Fargo & Co.*, No. 2:12-cv-00061-JRG-RSP (E.D. Tex. June 5, 2013) ("Noticing depositions without a serious, good faith effort to clear the date in advance with all counsel is not an acceptable practice").

## CONCLUSION

There is no justification for departing from the well-established presumption that the deposition take place where the a corporate defendant is located, and any deposition of SteelSeries ApS should proceed in Copenhagen, Denmark. The fact that the witness to be produced resides and works in Copenhagen further reinforces that the presumption is appropriate in this case as well. The justification offered by Better Mouse–that SteelSeries ApS' principal place of business is actually in the United States–is legally and factually baseless and is negated by its own pleadings. For these reasons, the Motion should be granted.

| | |
|---|---|
| Dated: May 22, 2015 | Respectfully submitted, |

_____
Michael C. Smith
michaelsmith@siebman.com
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS & SMITH
113 East Austin Street
Marshall, Texas 75670
Tel: 903.938.8900

Joshua Masur
TURNER BOYD LLP
702 Marshall Street
Suite 640
Redwood City, California 94063
Tel: 650.521.5930

James M. Heiser
heiser@chapman.com
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603-4080
Tel: 312.845.3877

*Attorneys for SteelSeries ApS and Steelseries North America Corp.*

**CERTIFICATE OF CONFERENCE**

    This is to certify that counsel has complied with a meet and confer requirement in local rule CV–7(h) and this motion is opposed. The personal conference required by this rule was conducted in person on April 30, 2015 between counsel for defendant Jim Heiser and Michael Smith and counsel for plaintiff Larry Thompson, Zac Harrington and Stafford Davis, and no agreement could be reach because the parties disagree as to whether SteelSeries ApS should be deposed in Denmark or the United States. Discussions have conclusively ended in an impasse, leaving an open issue for the court to resolve, as a result of the plaintiff's action in noticing a deposition of Steelseries ApS in the United States.

_____
Michael C. Smith

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on May 22, 2015.  Any other counsel of record will be served by First Class U.S. mail on this same date.

_____
Michael Smith